NICHOLAS SAUER AND WILLIAM SAUER v. J. W. McMURTRY *ex rel.*

FEDERAL LIMITATION—*Warrants Valid.* Indebtedness contracted or incurred for necessary and lawful purposes by any political or municipal corporation or any sub-division of the Territory of Oklahoma, created and existing under and by virtue of the Organic Act and the laws of the Territory of Oklahoma prior to the taking of the first assessment for the purpose of territorial and county taxation is valid, if issued within four per centum of the value of said taxable property as ascertained when said first assessment has been made, and warrants may be issued in evidence thereof. (*Hoffman v. Board of Co. Com.*, 3 Okla. 325 followed.)

*Error from the District Court of Roger Mills County.*

### STATEMENT OF THE CASE.

Plaintiff's petition filed in the district court of Roger Mills county September 5, 1893.

Petition verified by J. W. McMurtry, under the seal of the district court, and avers that he is the duly elected, qualified and acting county attorney of said county, and a resident and taxpayer of said county, and that this action is brought in behalf of himself and all the taxpayers of said county. That the said W. P. Francis and J. B. Freeman and C. B. Howerton are the legally elected and acting county commissioners, and that A. G. Gray is the legally elected and acting county clerk, and W. W. Owen is the legally elected and acting county treasurer of Roger Mills county.

That on or about the 22d day of April, 1892, C. M. Dunbar, J. T. Sterling and J. N. Sarbar were duly appointed and entered upon the discharge of their duties as county commissioners of said county, and that W. H. Hallett was duly appointed and entered upon the discharge of his duties as county clerk of said county on the day and year aforesaid.

That said county commissioners above mentioned, ordered, and the said W. H. Hallett drew, warrants on the county treasurer of said county to the sum of $——, said warrants numbering from one to 203 inclusive, series of 1892.

Plaintiff further avers that at the time said warrants from one to 203, series 1892, were drawn, that they were and are now, illegal and void, in this particular, to-wit: That at the time said warrants were drawn and issued, and all during the year 1892, there was not made any assessment of taxable property, nor any roll of any assessment of taxable property returned in said county of F, now Roger Mills.

Plaintiff further alleges that at the time said warrants were drawn and issued, as aforesaid, there was no property in said county subject to taxation.

Plaintiff further alleges that the first assessment of the taxable property of said county was had in the year 1893, and for said year, and after the warrants heretofore decribed were issued and drawn, and that all of said warrants were issued and drawn as aforesaid in violation of § 4 of the act of congress entitled "An Act to Prohibit the Passage of Local or Special Laws in the Territories of the United States to Limit Territorial Indebtedness, and for Other Purposes," passed and approved July 30, 1886.

Plaintiff then alleges that W. P. Francis, C. M. Howerton and J. B. Freeman, as successors to C. M. Dunbar, J. F. Sterling and J. N. Sarber, and the said A. G. Gray, as county clerk, are threatening and about to issue bonds of said county of Roger Mills to take up and pay said so-called void warrants to the injury of said county and the taxpayers thereof.

Plaintiff further alleges that the said W. W. Owens,

as treasurer of said county, is threatening and is about to pay for and take up said void warrants so illegally and wrongfully issued.

Plaintiff further alleges that said warrants, nor any of of them, were not issued to pay any judgment against said county, nor to pay the necessary running expenses of any court of justice in and for said county.

Plaintiff then prays judgment that commissioners, defendant, and A. G. Gray, clerk of said county, and their successors in office, be perpetually restrained and enjoined from issuing bonds of said county for the payment of said warrants, or any part of them, or in any way recognizing said warrants as of any validity or indebtedness against said county, and that the said W. W. Owens, as county treasurer, and his successor in office, be perpetually restrained and enjoined from paying said warrants, or any part of them, and for such other and further relief as seemed proper.

Notice was accepted by defendants on the 5th day of September, 1893, and together with the complaint filed September 6, 1893.

On September 7, 1893, a restraining order was issued.

On the 3d day of May, 1894, at the April term of said district court for Roger Mills county, Nicholas Sauer and William Sauer, being parties in interest, and affected by this action, moved the court to be allowed to plead as defendants, which motion was allowed, and N. and W. Sauer permitted, through their attorneys, to file an answer in the cause, which answer was verified.

Plaintiffs in error in their answer in the court below say that they are affected by this action. That they are citizens of the United States of America. That one of the defendants, W. W. Owens, is the duly elected and qualified and acting treasurer of said county. That the

Cheyenne and Arapahoe country was opened to settlement in the month of April, in the year 1892, by proclamation of the president of the United States. That A. J. Seay, the governor of Oklahoma Territory, by virtue of his office, appointed C. M. Dunbar, J. F. Sterling and J. N. Sarbar, commissioners, W. H. Hallett, county clerk, Sat Rouden, county treasurer, and A. G. Cunningham, county attorney, of the then F, now Roger Mills county. That the said commissioners, clerk, treasurer, and attorney aforesaid entered upon the discharge of their duties in and for said county. That said commissioners and clerk in the discharge of their official duties issued warrants numbers 4, 5, 41 and 49, which were issued in payment of the legitimate running expenses of the said county aforesaid.

That on the 12th day of August, 1892, Nicholas and William Sauer purchased for a valuable consideration and in good faith, and without notice of fraud, the said warrants, numbers 4, 5, 41 and 49. That F county was, in the fall election of 1892, changed to Rogers Mills county.

The answer then recites that W. P. Francis, C. B. Howerton and J. B. Freeman are the present county commissioners, A. G. Gray, clerk, and W. W. Owens, treasurer of said county, and are in the discharge of their respective duties.

The answer then sets forth .the complaint filed by J. W. McMurtry *et al.*, and that they pray to have payment of any warrants numbered from 1 to 203 permanently enjoined. . That the warrants owned by the plaintiffs in error are included in the warrants mentioned in defendants in errors' petition in the court below.

That the Hon. John H. Burford, judge of the district court for said county, did grant a temporary restraining

order, restraining the said commissioners hereinbefore mentioned, Francis, Howerton and Freeman, as commissioners, and A. G. Gray, as clerk, of said county, from issuing bonds to pay any part of the warrants mentioned, of the issue of 1892; and the said treasurer was also restrained from taking up or paying any of said warrants.

The plaintiffs in error further allege that there was funds in the hands of said treasurer to pay warrants Nos. 4 and·5, of series of 1892, as provided by the statutes of Oklahoma, 1893, ch. 24, p. 420.

Plaintiffs in error further allege that the warrants held by them were for indebtedness of said county coming under ch. 24, Statutes of Oklahoma, 1890, and are payable out of the treasury of the county.

Plaintiffs in error say that they had no notice of this action and could not defend until such time as they filed their application to be made parties. That the injunction proceedings, so far as they relate to warrants numbers 4,5, 41 and 49, of the issue of 1892, of said county, and all restraining orders issued in pursuance thereto, be dissolved and for such other and further relief as the court may deem just and equitable.

The plaintiff below filed no reply to the answer of defendants below, thereby admitting every allegation not directly controverted by the petition.

This cause was heard by the court on the 4th day of May, 1892, and being fully advised thereon, ordered that the temporary injunction be made perpetual, as to said warrants Nos. 4, 5, 41 and 49, described in plaintiffs' petition.

Exceptions to the order and decision of the court were taken by Nicholas and William Sauer, defendants.

Defendants made motion for a new trial, which was

overruled by the court and defendants excepted. The court allowed sixty days to make a case for the supreme court, with the material facts in the case admitted, the real issue is the conclusions of law reached by the court.

*E. M. Bamford*, for plaintiffs in error.

*Dungan & Ray*, for defendants in error.

The opinion of the court was delivered by

SCOTT, J.: This cause was consolidated on September 17, 1895, in this court, with the case of *Hoffman v. The County Commissioners et al.*, on motion, upon the hearing of which it appeared that the questions involved in each of the cases were identical.

That case having been decided then, (see 3 Okla. 325, 41 Pac. Rep. 566), in an opinion very full and elaborate, covering the whole history of the legislation and laws applicable to the question involved, from the act of congress of July 30, 1886, down to the statutory provisions of the Territory of Oklahoma, and the congressional acts up to the present time, it is unnecessary to repeat here what was therein held, or to enter into a discussion of the conclusions therein reached, or their application to a point involved in this case.

From the foregoing statement of the facts in this proceeding there appears but one question for determination, which is substantially this: Are county warrants issued by counties in Oklahoma for lawful purposes, prior to the making of the first assessment for the purposes of taxation, invalid? It is maintained here, as in that case, that the counties and municipalities of the Territory of Oklahoma are incapable of legally contracting indebtedness of any kind or for any purpose until an

assessment for the purpose of taxation has been made, equalized and approved as required by law, and that all warrants issued prior to the taking of said assessment are void for any and all purposes, and neither the subject of funding into bonds or payment in money.

The injunction granted by the court below in this case restraining the county treasurer from the payment, or the commissioners from funding into bonds the warrants involved in controversy, can be sustained only on the ground that the question is governed by §4 of the act of congress of July 30, 1886, without any conditions or limitations upon its application to the counties and municipalities in the Territory of Oklahoma. Section 4 of that statute reads as follows:

"That no political or municipal corporation or any other subdivision in any of the territories of the United States shall ever become indebted in any manner or for any purpose to any amount in the aggregate, including existing indebtedness, exceeding four per centum on the value of the taxable property, within such county or subdivision, to be ascertained by the last assessment for territorial and county purposes previous to the incurring indebtedness, and all bonds or obligations in excess of such amount given by such corporation shall be void."

The court, in passing upon that case, held that all counties, municipal corporations, and other subdivisions in the Territory of Oklahoma, created and existing under and by virtue of the Organic Act and the Territorial Statutes have the power, prior to the taking of the first assessment of the taxable property for Territorial and county taxation to contract indebtedness for all necessary and legitimate purposes, to an amount equal to four per centum of the value of the taxable property within said corporation, county, or subdivision, to be determined by the last assessment taken for the purpose of Territorial

and county taxation, and to issue warrants in evidence thereof.

Roger Mills county was created and became an organized and existing corporation in strict conformity to the laws of congress and the Organic Act, and the Statutes of the Territory of Oklahoma, on April 19, 1892. It is conceded by counsel, in this case, that no assessment had been taken, nor was there one in existence during the period within which the warrants in dispute were issued. It is also conceded that the warrants were issued for necessary and legitimate purposes, and unless they are void by reason of having been issued prior to the taking of the first assessment for taxation are binding upon said county.

It is therefore concluded that it was and is the duty of the county treasurer to pay the warrants in controversy with any money held by him for the purpose of paying the warrant indebtedness of the county. And that they are legal, and capable of being funded into bonds, should the proper authorities see fit to do so. The judgment of the lower court is accordingly reversed.

McAtee, J, who presided in the court below, not sitting; all the other Justices concurring.