ROBERT MARTIN, *Mayor et al*, v. TERRITORY OF OKLA-

HOMA *ex rel*. W. H. GRAY.

1. CONSTITUTIONAL LAW—*Legislative Powers—Municipal Indebtedness*. Section 4, ch. 818, vol. 24, U. S. Statute-at-Large, 171, imposes a limitation upon the powers of municipal corporations in territories, to become indebted in any manner, or for any purpose, in excess of four per centum of the taxable property within such corporations, as shown by the last assessment for territorial and county purposes, made previous to the incurring of such indebtedness, and such limitation applies to any indebtedness; created or imposed by the legislature, as well as that incurred by the action of the corporate authorities. The legislature has no power to impose upon or to require a city to pay debts and liabilities which are in excess of the maximum limit fixed by the laws of the United States.

2. CITY INDEBTEDNESS—*When Invalid*. Warrants issued by a city, under a decree of court, are invalid and their payment cannot be enforced, if at the time they were issued the indebtedness of said city exceeded four per centum of the value of the property, within said city, as shown by the last preceding assessment, for the purposes of territorial and county taxation. Where, under the provisions of ch. 14 of the Laws of 1890, warrants were

issued by the city authorities under a judgment of court, in settlement of debts and liabilities of provisional governments, and such judgment was rendered by agreement and consent of the city authorities of said city, and said warrants issued in compromise and settlement of liabilities of such provisional governments, such warrants are void and their collection cannot be enforced by *mandamus* if at the time they were issued, the aggregate of the ndebtedness of said city exceeds the limit authorized by the act of congress of June 30, 1886.

*Error from the District Court of Logan County.*

*Mandamus* by the Territory of Oklahoma on the relation of W. H. Gray, receiver of the National Bank of Guthrie, against the mayor and common council of the city of Guthrie to require respondents to levy a special tax for the payment of certain warrants issued by said city.

*Bayard T. Hainer,* for plaintiffs in error.

*John F. Stone* and *Herod, Widmer & Overstreet,* for defendants in error.

The opinion of the court was delivered by

TARSNEY, J.: The conditions from which the debts and obligations originated, for which the warrants in controversy in this cause were issued, and the history of such conditions are fully stated in the *City of Guthrie v. Territory, ex rel. Losey,* 1 Okla. 188, and need not be fully stated here, as the questions presented by this record are purely questions of law. The judgment of the court below, awarding a peremptory *mandamus,* requiring the respondents to levy a special tax to pay the warrants in question, was rendered upon a motion for judgment upon the petition and return to the alternative writ, and no evidence was introduced in the cause. One of the averments in said return was as follows:

"That at the date that said warrants, to the receiver of the National bank and now in possession of said receiver, (the relator), were issued, the total amount of the indebtedness of the city of Guthrie was in excess of four per centum of the value of the taxable property within said city, ascertained by the last assessment thereof, for territorial and county taxes, previous to their issue. That at the time said warrants were issued, to-wit: July 6, 1893, the assesed value of the taxable property within said city for the purpose of taxation for territorial, county and city purposes, was $1,767,719. That the aggregate amount of the indebtedness of the city of Guthrie, exclusive of warrants issued to the receiver of the National Bank of Guthrie, and now in the custody of the petitioner herein, was $71,000."

These averments not having been denied, and no issue having been joined thereon, must be taken as true. Counsel for respondents contend that by reason of the fact that the indebtedness of the city exceeded four per centum of the value of the taxable property within said city at the time said warrants were issued, as so ascertained, said warrants were void and illegal, and that their payment cannot be enforced by *mandamus*, or otherwise.

Section 4, ch. 818, vol. 24, U. S. Statutes-at-Large. p. 177, provides:

"SECTION 4. That no political or municipal corporation, county, or other subdivision in any of the territories of the United States, shall ever become indebted in any manner, or for any purpose, to an amount in the aggregate, including existing indebtedness, exceeding four per centum on the value of the taxable property within such corporation, county, or sub-division, to be ascertained by the last assessment for territorial and county taxes, previous to the incurring of such indebtedness; and all bonds or obligations in excess of such amount given by such corporation, shall be void."

This statute, taken in connection with the averments in

the return of respondents to the writ in this case, would seem to be conclusive of the invalidity of the warrants in controversy.

The construction and application of this statute to the particular facts and conditions out of which the warrants in question originated, has been the source of much judicial consideration and decision in this territory; and the decisions thereon, by this court, have not been entirely uniform. The compromise or consent decree of the district court of Logan county, by which the warrants in question were issued, was in proceedings under ch. 14, Laws of Oklahoma, 1890, and said statute was enacted to legalize certain indebtedness incurred by so-called provisional governments assuming to act as municipal corporations within this territory, before provision had been made by law for the legal creation of municipal corporations; and said statute of 1890 sought to legalize such unauthorized indebtedness, and to provide for its payment by the municipal corporations which became the *de jure* successors of such provisional governments, and the question has arisen in each previous adjudication whether, if the indebtedness of such *de jure* corporation amounted to four per centum of the assessed valuation of property within such corporation at the time the unauthorized indebtedness of such provisional governments was sought to be legalized by proceedings under said statute of 1890, the same would be in violation of the prohibition of the act of congress of July 30, 1886, *supra*. In *City of Guthrie v. Territory ex rel Losey*, 1 Okla. 188, Mr. Justice Burford, speaking for the court, said:

"And even if it should appear that the claims were in excess of the limit, it would not invalidate the statute. This congressional provision is a limit on municipal

authority but does not limit the power of the legislature to levy assessments on the property within the corporation by proper legislation."

But this statement was but a mere *dictum*, as the question was not involved in that case, and its decision was not necessary to a decision of the propositions involved therein. The learned judge, delivering the opinion therein expressly states that—

"The answer discloses the fact that the assessed value of taxable property in the provisional governments prior to the organization of the city was, at least, $592,467, and the total claims allowed amount to $17,779.14, which is less than four per cent. of the assessed valuation."

In *City of Guthrie v. New Vienna Bank*, 4 Okla. Rep. 194, 38 Pac. 4, the court held that the legislature has no power to impose a liability upon a city which would be in excess of four per centum of the taxable property within said city, as shown by the last assessment for territorial and county taxes previous to imposing such obligation. That § 4, ch. 818, (24 Stat. 171), imposes a limitation upon the power of municipal corporations to become indebted, in any manner or for any purpose, in excess of four per centum of the taxable property within such corporations or taxing districts as shown by the last assessment for territorial and county purposes made previous to the incurring of such indebtedness, and said limitation applies to imposed obligations and statutory liabilities as well as those incurred by the action of the corporate authorities, and that the legislature has no power to require a city to pay debts and liabilities which are in excess of the maximum limit fixed by the laws of the United States; and in this case the same judge who wrote the opinion in *Territory ex rel. Losey v. The City of Guthrie, supra,* says:

"There being no power in the legislature at the time the act was passed imposing these liabilities on the municipalities mentioned in the statute, for the reason stated, said act is void and cannot be enforced. So much of the opinion in the case of *City of Guthrie v. Territory ex rel. Losey,* 1 Okla. 188, as holds that the limitation found in the act of 1886, is not a limitation on the legislature, is overruled."

In that case it was held that neither the Organic Act creating the Territory of Oklahoma, nor the laws adopted from Nebraska by act of congress, made any provision for assessment of property for purposes of taxation, and that at the time ch. 14, Statutes of 1890, took effect, there was no law in the territory authorizing assessments which could be the basis for municipal corporations to incur indebtedness; that the laws of the territory which went into effect December 25, 1890, provided a system of assessment for purposes of raising revenue for taxation, and under such laws no assessment could become final and complete so as to form a basis for incurring indebtedness until the territorial board of equalization had made its returns to the several county clerks in 1891; that when there had been no assessment of property for purposes of taxation, there was no power to incur indebtedness; that two factors entered into the power of cities to become indebted, one the assessment of property for territorial and county taxes previously made; the other the aggregate amount of debts existing, and if the first factor is absent, there is no authority to become indebted, and all debts incurred or imposed prior to such assessment are void. This proposition of law, as stated, in that case, has been modified by the subsequent decision of this court in *Hoffman v. County Commissioners,* 3 Okla. 325, and *Sauer v. McMurtry,* 4 Okla. Rep. 447, 46 Pac. 576. It is not necessary that we should review

13—v.

the correctness of the conclusion of the court in these last two cases in thus modifying the law as stated in the Vienna Bank case upon that point, as that question is not involved in the case at bar, the allegation of the return of the respondents, averring that there was an assesment of the property of the city of Guthrie for the purpose of territorial and county taxation prior to the making of the warrants in controversy in this cause. And as to the question involved in this case, and decided in the New Vienna Bank case, the doctrine of that case is expressly affirmed in both the subsequent cases; so that since the decision in the case of the *Territory ex rel. Losey v. the City of Guthrie, supra*, the decisions of the court have been uniform in holding that the act of congress of June 30, 1886, is a limitation upon the legislature as well as upon the city authorities in the creation of city indebtedness; and that any indebtedness, whether created by the city authorities or by the legislature, in excess of the limit of four per cent. of the assessed valuation of property within the city, determined by the last assessment thereof for territorial and county purposes, is without authority of law and void.

The conclusion of this court upon this point in the Vienna Bank case, and its construction of the act of congress of June 30, 1886, is supported and sustained by the great weight of authorities. (*Lake County v. Rawlins*, 130 U. S. 662; *Doon Township v. Cummins*, 142 U. S. 366; *Litchfield v. Ballou et al.* 114 U. S. 190; *County of Dixson v. Field*, 111 U. S. 83; *Sutliff v. Lake County Commissioners*, 147 U. S. 230; *County Commissioners v. Graham*, 130 U. S. 683; *Buchanan v. City of Litchfield*, 102 U. S. 278; *People v. May*, 10 Pac. 641). If the proposition involved was a new proposition, that had not

received repeated careful consideration by this court or been elucidated by authorities, we would yet have no difficulty, from the plain language of the statute of 1886, to determine the meaning and intent of congress and the exact limitation intended to be inposed thereby upon the powers of those intrusted with the creation of municipal indebtedness, or whether the legislature of the territory, as well as the governing authorities of the corporation, were inhibited from creating an indebtedness in excess of the limit prescribed by that law. The language of the act is not, that no political or municipal corporation, etc., shall *create* an indebtedness which shall in the aggregate exceed the limit, but its language is "that no political or municipal corporation, county or other subdivision, in any of the territories of the United States *shall ever become indebted in any manner*," in the aggregate exceeding such limit.

It may be assumed that congress, in thus legislating, had in contemplation the existence of conditions requiring congressional action for the correction of an existing evil; that that evil existed in the unrestrained power of accumulating and creating municipal indebtedness beyond the ability and resources of the municipatities to make payment. That it intended to restrain such power and to put a fixed limit to the indebtedness that might be a charge upon the property of the citizens of any municipality within the territories. Such being the spirit and purpose of the act, it may also be assumed that congress had the wisdom to use, and did use, in the enactment, language that could only be construed as effective of such intent and purpose. It will not, therefore, be assumed (the language of the act not warranting such assumption, but clearly negativing the same,) that congress simply intended to limit the powers of the governing

body of the corporation in this behalf, and yet left the authority existing in the legislature to impose liabilities to an unlimited extent, and thus defeat the very spirit and purpose of the enactment. If the legislature may lawfully provide for increasing the indebtedness of a municipality beyond the four per cent. limit, and to any extent, then the spirit of the law can be evaded, and a prohibition upon the governing body of the corporation alone would be nugatory to meet the condition and remedy the evil, which was the object of the enactment; and when congress provided that such corporation should not "become indebted in any manner" in excess of the limit provided, it meant just what that language imports, that not, in any manner, whether by corporate action or by legislative action, should such indebtedness be entended beyond the limit.

We entertain no doubt that if, when the warrants in question in this cause were issued, the indebtedness of the city of Guthrie was in excess of four per cent. of the value of the taxable property within said city, as shown by the last assessment thereof for territorial and county taxes, ch. 14, of the Statutes of 1890, was invalid to make warrants valid as a legal indebtedness against said city, or to authorize enforcement of the payment thereof by the levy of a special tax upon the property of the citizens of said city.

Counsel for relator contend that:

"The warrants sought to be collected in this proceeding were issued in payment of the judgment rendered upon a settlement and compromise of more than ten thousand dollars in claims against these various municipalities (provisional governments); that judgment stands unreversed and unsatisfied, and we contend that the settlement of claims ascertained in good faith, the validity

of which has been doubted, constitutes a valid comprom-
ise which will not be disturbed, in the absence of fraud,
undue advantage or mistake."

We concede the soundness of this proposition as an ab-
stract proposition of law, but it has no application to the
questions involved in the case at the bar.    That rule only
applies where the judgment is rendered by a court of
competent jurisdiction in a cause wherein it has jurisdic-
tion to render the judgment, the validity of which is thus
asserted.    But where a court renders a judgment in ac-
cordance with a statute to create obligations, the crea-
tion of which is prohibited by paramount law, the judg-
ment of the court has no more validity than the invalid
statute it seeks to enforce.    And this, whether such judg-
ment be by compromise and agreement of the parties to
the record, or otherwise.    The want of authority to
make the indebtedness for which these warrants were
issued a legal indebtedness against the city of Guthrie,
extended to a want of authority in the court to declare
such indebtedness valid or to make the warrants valid,
and the mayor and the common council were not author-
ized, by consenting thereto, to confer authority upon the
court to make them valid.

In an action brought by a town to enjoin perpetually
the collection of certain bonds on the ground that they
were issued without authority of law, by the decree it
was ordered, by consent of the parties, that the prelim-
inary injunction should be dissolved and the demurrer
be overruled.    The decree set forth that the suit had
been settled by agreement, a copy of which was embodied
in the decree.    The plaintiffs agreed, notwithstanding
the averments of the bill, that the bonds were valid.    The
decree then stated that in pursuance to that agreement,

and by consent of the parties, it is decreed that the New Orleans, St. Louis and Chicago Railroad company shall issue to the town the certificates of stock in the company referred to in the agreement; that on the presentation of those certificates the town shall have its corporate seal affixed to each of the twelve bonds, and that the bonds and their coupons are declared to be valid and binding on the town and its authorities. The supreme court of the United States, in that case, said:

"This was no adjudication by the court of the validity of the bonds, on the submission to it, as a judicial tribunal, of the question of such validity. The declaration of the validity of the bonds, contained in the decree, was made solely in pursuance of the consent to that effect contained in the agreement signed by the mayor of the town and the officers of the railroad company. The act of the mayor in signing that agreement could give no validity to the bonds, if they had none at the time the agreement was made. The want of authority to issue them extended to a want of authority to declare them valid. The mayor had no such authority. The decree of the court was based solely upon the declaration of the mayor, in the agreement, that the bonds were valid, and that declaration was of no more effect than the declaration of the mayor in a bill in chancery that the bonds were invalid. The adjudication in the decree, cannot, under the circumstances, be set up as a judicial determination of the validity of the bonds." (*Kelley v. Town of Milan*, 127 U. S. 139).

A further contention of counsel for relator is, that to make the warrants invalid under the effect of the act of congress of 1886, "the four per cent limit must have been exceeded at the time the debt was contracted, in order to invalidate the claim, which is not alleged; that the warrants are merely evidence of a pre-existing debt, and show it, when providing for interest from June 3,

1891, although issued June 6, 1893." This position is not tenable. The unauthorized debts and obligations of the provisional governments had no validity and could not be made a change against or a part of the indebtedness of the city of Guthrie until, by force of a valid statute, they were made a part of such indebtedness. There was no attempt under the pretended force and authority of ch. 14, of the Laws of 1890, to make that part of such indebtedness as was the foundation of the warrants in this case, a part of the indebtedness of the city of Guthrie, until June 6, 1893. If that statute had been a valid statute such indebtedness would not have become any part of the indebtedness of the city of Guthrie, until by the procedure provided for in the statute it had been made so; and if at the time it was sought to be validated and made a part of such indebtedness, the aggregate of the indebtedness of the city exceeded the limit authorized by the act of congress, then the proceeding to make the same an indebtedness of the city was nugatory and void.

Another contention of relator's counsel is that these warrants are not a part of the indebtedness of the city of Guthrie and did not increase the aggregate indebtedness of said city; that they are warrants against parts only of the city and are in the nature of local assessments drawn on special funds, and it is argued that this is shown because an action at law would not lie against the city upon them. This reasoning, if sound, would be more effective to destroy the efficiency and purpose of the act of congress of June 30, 1886, than to hold that its inhibition only extended to the corporate body of the municipality and not to the legislature. We have shown that the spirit and purpose of that act was to fix the limit of

indebtedness for the payment of which the property of the citizens within the municipality might be taxed; and if a city can create an unlimited indebtedness, merely by dividing the burden and responsibility of its payment upon its different wards and sub-divisions, or the property within such wards and sub-divisions, and not upon the corporation as a whole, then the act of congress is without force. That act of congress means that the aggregate of property, with a municipality, shall not be burdened by an indebtedness exceeding four per cent of its assessed valuation, and no attempted distribution of the burden of payment upon different parts of such aggregate of property will authorize an indebtednesss in excess of that limit. These warrants, if an indebtedness at all, can only be the indebtedness of the city of Guthrie. Its sub-divisions are not legal entities; they have no power and never have had power to contract debts or incur liabilities. They cannot sue or be sued. No debts can be contracted or incurred except by the city. The statute, under which they were issued, expressly makes them an indebtedness of the city. The manner in which it provides for their payment, does not change their character as an indebtedness of the city. If that act were valid to make them legal obligations, but invalid, as to its provisions relating to the assessment and collection of taxes for their payment, no one would contend that they could not be enforced, as liabilities of the city.

The return, in this cause, having clearly averred the illegality of the warrants, that when they were issued the indebtedness of the city of Guthrie already exceeded the limit authorized by law, being more than four per cent. of the assessed valuation of property in said city, as shown by the last previous assessment for territorial and

county taxation, presented a clear defense to the alternative writ in this cause. The issue of fact tendered by the return should have been tried by the court below, and it was error for the court to award a peremptory *mandamus* without the trial of such issue.

This cause must therefore be reversed and remanded with instructions to the court below to proceed in accordance with this opinion. It is so ordered.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.