## BOARD OF COUNTY COM'RS OF OKMULGEE COUNTY v. JENNESS.

No. 26754.    Oct. 20, 1936.

James K. Eaton, Co. Atty., and W. E. Foster, Asst. Co. Atty., for plaintiff in error.

W. C. Alley, for defendant in error.

BAYLESS, J. R. E. Jenness, the defendant in error, plaintiff below, brought this action against the board of county commissioners of Okmulgee county, plaintiff in error, defendant below. The case was presented to the court with all the evidence being a stipulated statement of facts, thus making the cause purely a question of law.

The facts are substantially as follows: Jenness was a justice of the peace in Okmulgee county, where he rendered services in his official capacity by trying felony and misdemeanor cases filed in his court. The total amount claimed is $304.25, for a number of claims properly filed over a period of time from October 1, 1932, to June 30, 1934, none of which exceeded $100 for any quarter of a year. That the appropriation for payment of fees of justices of the peace in criminal cases had been exhausted and that there had been no appropriation for the payment of these fees for a portion of this time.

After an examination of the pleadings and stipulation and arguments were heard, the trial court granted Jenness a judgment for $304.25 and interest at 6 per cent.

The record does not show that these claims, together with other valid indebtedness, are within or greater than the limits of ad va'orem taxation allowed in section 9, art. 10, of the Constitution, but that question need not enter here.

Many assignments of error are made, but all may be discussed under: "The judgment of the trial court is contrary to the law." Much stress is given the interpretation of section 4160, O. S. 1931, but only permission is granted to appropriate and pay justices of the peace sums not to exceed $100 per quarter. This statute does not require that a certain amount be appropriated.

Under article 7, sec. 18, Const. (sec. 13570, O. S. 1931), justices of the peace are given concurrent jurisdiction with county courts in fe'ony and misdemeanor cases, and it does not create an impossible situation when the funds appropriated to pay justices of the peace for such services become exhausted.

Under article 10, sec. 26, of our Constitution, counties are prohibited from incurring indebtedness of this nature in excess of the amount appropriated, except in the manner provided therein. The rule of law expressed in the "Smartt Case," 67 Okla. 141, 169 P. 1101, does not apply here, since no duty, obligation, or requirement is imposed on the justices of the peace to perform such services when the funds to pay therefor are exhausted.

We are of the opinion that the rule expressed in State ex rel. v. Stanfield, 34 Ok'a. 524, 126 P. 239, is the rule to be followed in this case, wherein chapter 80, S. L. 1910-11, is construed. In that case the court held that chapter 80, S. L. 1910-11, limiting the expenditures of public funds to the income provided for the year, applies to the courts as well as to the county officers.

The judgment is reversed.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.