## D. F. HUDDLESTON v. BOARD OF COMMISSIONERS OF NOBLE COUNTY.

(Filed Aug. 24, 1899.)

1. COUNTIES—*Power to Allow Claims—Limitation of.* Under the provisions of sec. 1, ch. 16, Sess. Laws 1895, the board of county commissioners have no power to allow a claim, and issue a warrant therefor, after 80 per cent. of the tax levy for county expenses during the current year has been exhausted; and hence, where the plaintiff's claim for juror's services was filed and presented to the board of county commissioners for allowance after 80 per cent. of the tax levied for such purposes had been exhausted, a *mandamus* will not lie to compel the board of county commissioners to allow plaintiff's claim, and issue a warrant therefor.

2. MANDAMUS—*Will Not Issue, When.* A writ of *mandamus* will not issue unless the right to maintain such an action is clear.

3. JUROR — *Action Against County for Service — Defense.* In an action against a county for services rendered as a juror, it is no defense to such an action that at the time the claim was filed and presented to the board of county commissioners the court fund upon which said claim was to be allowed, and a warrant issued therefor, had been exhausted where the evidence shows that at the time the services were performed there was sufficient money in the fund, not otherwise appropriated, to pay plaintiff's claim.

4. COUNTIES—*Claims Against Valid, When.* The liability of the county arises at the time the services are rendered, and not at the date of the filing of the claim for allowance with the board of county commissioners. The obligation being valid at the time the services were performed, the plaintiff is entitled to recover a judgment against the defendant, nothwithstanding the fact that the court fund had been exhausted at the time of the filing and disallowance of his claim. (*Johnson v. Commisioners*, 7 Okla. 686, followed.)

(Syllabus by the Court.)

*Error from the District Court of Noble County; before A. G. C. Bierer, District Judge.*

*S. H. Harris,* for plaintiff in error.

*W. M. Bowles,* for defendant in error. ·

Action by D. F. Huddleston against the board of commissioners of Noble county. Judgment for defendant, and plaintiff brings error. Reversed.

Opinion of the court by

HAINER, J.: This was an action brought in the probate court of Noble county, on the 29th day of March, 1897, by the plaintiff in error, D. F. Huddleston, against the board of county commissioners, defendant in error, to recover the sum of $26.15 for services rendered as a petit juror during the November term, 1895, of the district court of said county. The county pleaded as a defense to said action that at the time the plaintiff's claim was filed and presented to the board of county commissioners it was rejected and refused for the reason that the court fund for the year 1895 had been exhausted, and that there were no funds to be applied to the payment thereof.     Judgment was rendered in the probate court in favor of the plaintiff for the amount of his claim, and thereupon the county appealed the case to the district court. It was admitted in the probate court as well as in the district court, by the defendant, that the plaintiff was duly summoned as a petit juror, that the services were rendered, and the juror's certificates issued, as alleged in plaintiff's bill of particulars, and that no part of said claim was paid.     It is also conceded that at the time the board of county commissioners rejected and refused to pay plaintiff's claim the court fund had been exhausted.     The district court

held that the plaintiff could not recover in this action, and rendered judgment in favor of the defendant, to which ruling and judgment of the court the plaintiff duly reserved an exception, and brings the case here on appeal.

The district court held that the defendant did not become indebted to the plaintiff by reason of his rendering the services as a juror during the fiscal year of 1895, but only incurred an obligation to render plaintiff a warrant upon the court fund for that year to the amount of his services, and that the defendant is under no obligation to pay such warrant, or pay for such services rendered, after the court fund for the year 1895 has in any manner been exhausted.

We do not thing this conclusion of law reached by the trial court is tenable. Section 47, art. 1, ch. 25, Sess. Laws 1895, provides that: "Jurors shall be paid the following fees out of the county treasury: For attending before the district court, for each day's attendance, one dollar and fifty cents; for each mile necessarily traveled in going to and returning from the place of attendance, five cents." Section 49 reads as follows: "The clerk of the district court shall keep a record of the attendance of jurors at each term, and of the attendance and fees of witnesses when claimed during the term." Section 50 reads as follows: "Within ten days after the close of each term of a court of record, the clerk thereof shall return to the board of county commissioners a statement of the attendance of jurors at such term, and their mileage as taken by him, together with a statement of attendance and mileage of witnesses in all criminal cases claimed and for which the county is liable."

Section 3, art. 2, ch. 43, Sess. Laws 1895, in relation to territorial and county taxes, provides that the board of county commissioners shall prepare an itemized estimate of the necessary expenses of the county during the ensuing year, and levy a tax for court expenses, not exceeding three mills. Section 1, ch. 16, Sess. Laws 1895, prohibits the board of county commissioners from incurring an indebtedness against a county in excess of 80 per cent. of the taxes levied for county expenses during the current year, and all warrants issued in excess of such amount are void as against the county.

It being conceded that when the services were performed by the plaintiff the fund against which the certificates were issued was not exhausted, the plaintiff's claim, therefore, was a valid and binding obligation against the county, and it was no defense that subsequent to that time, and before the claim was presented to the board of county commissioners, the fund upon which the claim should have been allowed, and a warrant issued therefor, was exhausted. The plaintiff's claim was a liability created by operation of law. It was in no sense a debt incurred by the board of county commissioners. Under the provisions of section 1, ch. 16, Sess. Laws 1895, the board of county commissioners rightly refused to allow plaintiff's claim, and issue a warrant therefor, when there was no cash in the court fund to apply to the payment thereof, and after 80 per cent. of the tax levied for that purpose had been exhausted. But it does not follow, because the county commisioners were forbidden to issue a warrant for the amount of plaintiff's claim, that thereby the defendant incurred no obligation to the plaintiff for which judgment could be rendered.

Neither is the contention well taken that the plaintiff did ont pursue the proper remedy. It is a well-settled principle of law that a writ of *mandamus* will not issue, unless the right to maintain such an action is clear. It being conceded that, when the plaintiff presented his claim and certificates to the board of county commissioners for allowance, the court fund upon which the warrant was to be drawn was exhausted, therefore *mandamus* would not lie to compel the board of county commissioners to perform an act which was expressly forbidden by the statute.

Neither is it a valid defense to the action that when this suit was commenced there was no available money in the court fund to be applied to plaintiff's claim, or that the 80 per cent. limit had already been reached. The only remedy, therefore, the plaintiff had, was to bring an action against the county upon his claim, and reduce the same to a judgment. The claim being a valid and binding obligation against the county at the time the services were performed, we are unable to perceive how any event happening subsequent to that time would invalidate plaintiff's claim, or defeat his right of recovery.

The constitution of California contains a provision that no municipal corporation shall incur any indebtedness or liability in any manner, or for any purpose, exceeding in any year the income or revenue provided for it for such year, without the assent of two-thirds of the qualified voters therein. In construing this provision of the constitution, the supreme court of that state, in the case of *Weaver v. City and County of San Francisco*, 43 Pac. 973, held that the fact that the fund from which

a claim was to be allowed and paid by the city had been exhausted did not constitute a valid defense to an action for services rendered, where the record does not show that at the time the services were performed there was no revenue in the fund to be applid to plaintiff's claim. The contract between the parties being valid in its inception,—that is, at the time the services were performed,—the plaintiff had a valid right of action against the city, which he was authorized to have established by the judgment of a court of record; and the depletion of the treasury or the application of the funds therein to other claims, after the services were completed, and before the trial of the action, was not a satisfaction of the plaintiff's claim, nor did it constitute a defense to his action.

We are therefore of the opinion that the court erred in holding that the defendant could not recover in this action. The judgment of the district court is therefore reversed, and the cause remanded, with direction to render judgment for the amount of plaintiff's claim, and in conformity with this opinion.

All of the Justices concurring.