## LACY et al. v. BOARD OF EDUCATION.

No. 14599—Opinion Filed Jan. 29, 1924.

Rehearing Denied April 8, 1924.

### Schools and School Districts—Expenditure for Teachers' Salaries—Liability for Exceeding Approved Estimate.

Boards of education have no power or authority to enter into contracts with school teachers for salaries which, in amount, exceed the estimate as approved by the excise board for the fiscal year for such purposes; and any indebtedness incurred in such manner shall not be a charge against the school district, but may be collected from the individual members of the board contracting the same.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Caddo County; Cham Jones, Judge.

Action by W. I. Lacy et al. against the Board of Education of School District "A", City of Anadarko, Okla. Judgment for defendant, and plaintiffs bring error. Affirmed.

A. J. Morris, for plaintiffs in error.

Theodore Pruett, for defendant in error.

Opinion by JARMAN, C. This action was brought by the plaintiffs against the board of education of the city of Anadarko, known as school district "A", to recover judgment on claims assigned to the plaintiffs by certain school teachers, and judgment was rendered for the defendants, and the plaintiffs bring error. Said cause was tried to the court without a jury and at the conclusion of the evidence, the court made the following findings of fact:

"First. That on the first Monday in March, 1920, the board of education of the defendant, school district met and made up their estimate of the needs of said school district for school purposes and determined that, in order to properly carry on the schools in said district for the fiscal year commencing July 1, 1920, and ending June 31, 1921, it was necessary to make an excess or extra levy of ten mills; and thereupon, the said board of education duly caused an election to be held and submitted to the voters thereof the question of making the extra levy of ten mills together with all matters under the law necessary to be submitted and at said election the extra levy was duly authorized and the estimate submitted, approved.

"Second. That thereupon the said board of education attached to the estimate sheet made by them, the proceedings of the elec-

tion and filed the same with the county excise board.

"Third. That thereafter, and in the month of June, 1920, the board of education duly elected the teachers whose claims are sued on in this action, and in the same month entered into contracts with said teachers to teach for a term of nine months as alleged in plaintiff's petition.

"Fourth. * * *

"Fifth. That as fixed and approved by the board of education said estimate set apart and appropriated for teachers' salaries the sum of $43,500; contingent, $5,000; repairs, $1,000; and furniture and fixtures, $1,500, and the excise board approved said estimate, as made, except the appropriation for teachers' salaries, which was reduced by said excise board to the sum of $33,750.

"Sixth. * * *

"Seventh. That the total amount of warrants issued against said teachers' salary appropriation for teachers in said defendant school distict for said fiscal year was $29,-948.13; but prior to the completion of said school term the entire estimate and funds of said school district had been exhausted by said teachers' warrants, and warrants drawn thereon for other purposes, namely, the salary of janitors, clerk and treasurers. etc.

"Eighth. That plaintiff acquired the claims with full knowledge that all funds were exhausted and estimate used up at time assignments were made and the services of teachers were rendered after all funds were exhausted and estimate depleted."

In addition to the foregoing findings of fact, the pleadings show this additional agreed state of facts: That after school had continued for several months and the teachers had been paid their salaries for that time, the board of education declined to proceed further with the school for the reason that the fund for teachers' salaries had become depleted and the chamber of commerce then appointed a committee, composed of the plaintiffs, who raised a fund by popular subscription, sufficient to pay the salaries of said teachers for the remaining two months of the term of school, and when the salaries for said remaining two months were paid, the teachers assigned their claims against the board of education for their salaries, for said two months, to the plaintiffs, as trustees for the contributors to the fund that was raised to pay the teachers' salaries, and the amount of the claims for salaries, thus assigned, is $5,258.47, which together with the sum of $29,948.13, which the court found had already been paid to said teachers, makes a total of $35,206.60.

The correctness of the findings of fact made by the trial court is not questioned by either party, and, therefore, the same is binding on appeal. The findings of fact made by the trial court and the agreed statement of facts, as contained in the pleadings, show that the estimate, as approved by the excise board for teachers' salaries for the nine months' term of school, is $33,750, and that the amount of the salaries that the board of education contracted to pay said teachers for said term of school is $35,206.60, which makes the amount of salary contracted for $1,456.60 more than the approved estimate of the excise board for such purposes: and, therefore, said contracts for teachers' salaries are void and the same could not be enforced against said board of education. Section 8638, Comp. Stat. 1921 (sec. 9, ch. 80, S. L. 1910-11), which covers this situation, is as follows:

"It shall be unlawful for the board of county commissioners, the city council or the commissioners of any city, the trustees of any town, board of education, township board, school district board or any member or members of the aforesaid commissioners, or of any of the above named boards, to make any contract for, incur, acknowledge, approve, allow or authorize any indebtedness against their respective municipality or authorize it to be done by others, in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue, Any such indebtedness, contracts incurred, acknowledged, approved, allowed or authorized in excess of the estimate made and approved for such purposes for such current fiscal year or in excess of the specific amount authorized for such purpose by a bond issue, shall not be a charge against the municipality whose officer or officers contracted, incurred, acknowledged approved, allowed or authorized or attested the evidence of said indebtedness, but may be collected by civil action from any official contracting, incurring, acknowledging, approving or authorizing or attesting such indebtedness, or from his bondsmen."

The court, in the case of Hamilton Township v. Underwood, 81 Okla. 256, at page 258, 198 Pac. 300, in discussing a similar question used the following language, to wit:

"Other similar limitations on the power of counties or subdivisions to bind the county or subdivision may be found in sections 6, 7, 8, 9, and 10 of chapter 80, Session Laws 1910-11, which, in substance, provide that the county or other municipality may be bound only for the amount approved by the excise board and if the county officials incur indebtedness over such amount, they and their bondsmen, and not the county or subdivision, shall be liable for such indebtedness."

Since these claims, in the hands of the school teachers, were not proper charges against the school board, the same do not constitute proper charges against the school board, in the hands of the plaintiffs.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.