## MYERS v. INDEPENDENT SCHOOL DISTRICT, CONSOLIDATED NO. 1, COMANCHE COUNTY.
### COOK v. SAME.
### MYERS v. SAME.
### PERKINSON v. SAME.
### ANTRIM LUMBER CO. v. SAME.

Nos. 13354, 13345, 13355, 13341, 13340, Consolidated.

Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 12, 1924.

**1. Schools and School Districts—Teachers—Contracts—Entire and Not Separable.**

Where a school district board enters into a contract with a teacher prior to the annual meeting, and prior to the approval and allowance of the estimate for current expenses by the excise board, and such contract is approved by the county superintendent and is in all other respects regular and lawful, such contract is entire and not sep

.arable under the provisions of section 10367, Comp. Stat. 1921, and the total of such contract becomes an obligation of the district if within the limits of the estimate when made and approved by the excise board. The fact that the school district board thereafter carelessly or ign. rantly exhausts the appropriation for other purposes before completion of the teachers' contract and then refuses payment "for want of funds" cannot militate against the teacher's right to compensation for services performed under the contract. In legal contemplation the total amount of such a legal contract is always on hand and reserved until lawfully paid out in discharge of the obligation of the district under the contract.

## 2. Same — Approved Estimate—Contracts Beyond Debt Limit.

It was the purpose of the Legislature in providing for approved estimates for current expenses of school districts to fix a limit beyond which school boards might not legally incur indebtedness and which would operate as notice to all persons dealing with such boards. When the total of valid contracts, wholly or partially performed, together with all other expenditures made by a school board, equal the amount of the approved estimate for current expenses in any fiscal year, the limit of legal indebtedness of the district has been reached, and any person thereafter contracting with such board is charged with knowledge of the invalidity of its acts and is precluded from recovery against the district.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by I. J. Myers, against Independent School District, Consolidated No. 1, Comanche County, to recover an unpaid balance alleged to be due on a teacher's contract. Judgment for defendant, and plaintiff brings error. In this court the other cases above styled, involving similar claims against the same district, were on motion and order of this court consolidated so that the five cases will be disposed of in one opinion. Reversed in part, with directions, and affirmed in part.

It appears from the record and stipulated facts in this action that on May 12, 1920, I. J. Myers entered into a contract with defendant school district to teach school therein for a period of nine consecutive months beginning September 6, 1920, at a salary of $150 a month, that this contract was duly approved by the county superintendent, and that plaintiff has fully performed the contract in every respect as agreed to be done. Thereafter, on August 14, 1920, the excise board of Comanche county allowed and approved an estimate and appropriation for the current expenses of said district in the sum of $6,599 for the fiscal year beginning July 1, 1920, and ending June 30 1921. Teachers' contracts of Rachel Cook and Mattie Myers were entered into at the same time as that of I. J. Meyers and were each for a salary of $100 per month during nine consecutive months from September 6, 1920. In February or March, 1921, the estimate made and approved by the excise board was exhausted, and thereafter the claims of these teachers for salary were disallowed for want of funds The contract with Nellie Perkinson in cause No. 13341 was entered into January 17, 1921, and was for $150 a month for four and one-half consecutive months. The claim of Antrim Lumber Company in cause No. 13,340 is for supplies furnished to the defendant school district during February, March, and April, 1921, and is for the amount of $100.10. Upon trial to the court without a jury defendant school district recovered judgment against each and all of the plaintiffs in the several cases for its costs expended. It is stipulated that the true name and style of defendant district is "Consolidated School District No. 1, County Comanche, State of Oklahoma." To reverse these several judgments proceedings in error were commenced in each of the cases by petition in error with case-made attached.

Stevens & Cline, for plaintiffs in error.

S. I. McElhoes and J. A. Diffendafer, for defendant in error.

Opinion by LOGSDON, C. Only one question is presented for determination by these various proceedings. Each involves the legality of certain indebtedness contracted by consolidated school district No. 1, Comanche county, for the fiscal year beginning July 1, 1920, and ending June 30, 1921. It is stipulated and agreed that for the fiscal year involved the excise board of Comanche county, on August 14, 1920, approved an estimate for current expense for this district of $6,599, and that no supplemental estimate was ever made. It is further stipulated that the teacher's contract of I. J. Myers was entered into May 24, 1920, that it is regular in all respects, that he performed the services contracted to be performed, and that the amount claimed is the correct amount remaining unpaid under his contract.

Against the validity of plaintiff's claim it is urged by defendant district that before the completion of plaintiff's services as teacher under his contract the estimate made and allowed by the excise board for current expenses of the district had been exhausted, and that, therefore, the balance due plaintiff under his contract was in excess of the funds

appropriated, and is an illegal claim and charge against defendant district. The trial court so held.

There can be no argument upon the proposition that under the provisions of section 26, art. 10, Cons\*., and section 8638, Comp. Stat. 1921 (S. L. 1910-11, ch. 80, sec. 9), school district boards are prohibited from incurring any indebtedness, or acknowledging, allowing, and paying the same, in excess of the income and revenue appropriated for that purpose during any fiscal year. Shannon v. State ex rel. Davidson et al., 33 Okla. 293, 125 Pac. 1106; Fairbanks-Morse Co. v. City of Geary, 59 Okla. 22, 157 Pac. 720; Carey-Lombard, Young & Co. v. Hamm et al., 61 Okla. 174, 160 Pac. 878; Threadgill et al. v. Peterson et al., 95 Okla. 187, 219 Pac. 389; Lacey et al. v. Board of Education of School Dist. A, City of Anadarko, 98 Okla. 237, 224 Pac. 712.

Was this claim in excess of the income and revenue of the district as estimated and appropriated by the excise board for that fiscal year? The answer to this question is determinative of this case, and of the other four consolidated with it.

By section 10472, Comp. Stat. 1921, all applicable laws relating to school districts are extended over consolidated districts where no special provision is made. As there is no special provision for the employment of teachers by boards of consolidated districts, section 10367, Comp. Stat. 1921, applies in this case. This section authorizes the board to contract in writing with teachers, specifying the wages to be paid by the week or month, and names the causes for which a teacher may be dismissed. The next provision of the section reads:

"Whenever any person shall make and enter into a valid contract with such district board to teach school in such district, such contract shall be binding upon such teacher until he has been legally discharged therefrom according to law or released therefrom by such district board in regular session; and until such person shall have been thus discharged or released, he shall not have authority to make and enter into any valid contract with any other district board or board of education in the state of Oklahoma to perform services as teacher or instructor for a period of time covered by an existing valid contract which said person has made."

The clear purpose and intention of this provision is to make the teacher's contract entire and indivisible, thus removing the temptation to breach or jump the contract through offers of higher compensation elsewhere. It is the legislative method of securing

uninterrupted conduct of the schools, efficiency of school work, and stability in the relations of teachers and district boards. It is clearly a matter of public policy.

This section next prohibits the district boards from paying money or issuing warrants to teachers for services except under a valid contract as previously defined, and includes an anti-nepotism clause. It next authorizes the board to make contracts with teachers at any time after March 1 each year, and prior to the annual meeting, and requires the teacher to hold a valid certificate in the county of the contract. The next provision is the one in dispute in this case. It reads:

"The contract so entered into before the annual meeting shall be binding upon the district for an amount that comes within the estimate when made and approved, and the district, nor any member of the school district board, shall (not) be liable for any amount of difference between the amount of the contract and the amount of the estimate as made and approved."

It is the contention of defendant district in these cases that the provision last above quoted means that at any time during the fiscal year when from any cause the approved estimate becomes exhausted the teachers under contract with the district ipso facto cease to be entitled to compensation for any further services rendered. This contention was sustained by the trial court.

If this be a correct interpretation of the language of this provision then it is in direct and irreconcilable conflict with the prior provision of the same section which expressly makes the contract of the teacher entire and indivisible. But it is not considered that this interpretation is correct. As before noted, section 10367 first authorizes the making of the contract and requires that it shall specify the weekly or monthly wage. That this requirement was inserted as a basis for computing the entire sum which would be due on full performance of the contract seems too clear for argument, and this legislative intention renders harmonious the subsequent provision making the contract entire and indivisible with the last provision requiring that the contract be "for an amount that comes within the estimate when made and approved." This construction renders the entire section harmonious, vitalizes every clause and sentence, and makes it conform in every respect to the inhibitions contained in section 26, art. 10, Const., and to those of section 8638, Comp. Stat. 1921. This the Legislature is presumed to have intended. Board of Com'rs of Creek County v. Alexander, 58 Okla. 128, 159 Pac. 311; Thacker

v. Witt, 64 Okla. 169, 166 Pac. 713; Town of Comanche v. Ferguson, 67 Okla. 101, 169 Pac. 1075.

The contract required the teacher to render services for nine consecutive months at a salary of $150 per month. This contract being entire and indivisible, it is a matter of simple calculation to determine that it fixed an indebtedness of $1,350 on the district. This was clearly within the approved estimate and appropriation for current expenses made by the excise board and is therefore a valid and binding contract. As was said by Justice Kane in Buxton & Skinner Stationery Co. v. Board of Com'rs of Craig County, 53 Okla. 65, sp. cit. 68. 155 Pac. 215:

"It is quite clear to us that the foregoing transactions do not constitute a violation of section 26, art. 10, of the Constitution. The county did not become indebted in any manner for any purpose for any amount exceeding the income and revenue provided for the fiscal year during which the supplies were furnished. The debt was created at the time the contract for the supplies was made, and not when the claim therefor was presented for payment. Thompson Houston Co. v. Newton (C. C.) 42 Fed. 723; Rollins v. Rio Grande Co., 33 C. C. A. 181, 90 Fed. 575; Lake County v. Standley, 24 Colo. 1, 49 Pac. 23; Town Lot Co. v. Lane, 7 S. D. 599. 65 N. W. 17; Huddleston v. Board of Co. Com'rs of Noble County, 8 Okla. 614, 58 Pac. 749; Johnson v. Pawnee County, 7 Okla. 686, 56 Pac. 701; In re Application of the State to Issue Bonds. 33 Okla. 797, 127 Pac. 1065.

But it is urged that this construction requires a determination as to the precedence of teachers' contracts, where there are several. Not necessarily, if all are within the approved estimate when made. With the wisdom of a board's policy in employing so many teachers that their aggregate contracts so nearly consume the approved estimate as to leave insufficient funds to meet the other current expenses, this court has nothing to do. It is the board's duty to husband its resources so as to meet the obligations of its valid contracts. As was said in the Buxton & Skinner Case, supra, the "brake on extravagance" should be applied before and not after valid contracts have been made. The records in these consolidated cases discloses that at the time the estimate in question was approved by the excise board the school district board had entered into contracts with six teachers, as follows: I. J. Myers, $1,350; Mattie Myers, $900; Rachel Cook, $900; Katherine Lassiter, $900; Lillian Bradford, $900; Ruth Jarvis, $900; total, $5,850. The approved estimate was for $6,599. All of these contracts were therefore valid, but the board had limited itself to $749

for all other current expenses. This situation caused the present litigation. The board went right ahead spending its estimate, so that when these valid contracts were about half expired the funds which should have been set aside for their payment were exhausted.

It follows from what has been said that the judgment of the trial court in the consolidated cases of I. J. Myers, No. 13354, Rachel Cook, No. 13345, and Mattie Myers, No. 13355, should be reversed, with directions to enter several judgments therein in favor of plaintiffs for the amounts admitted by the stipulated facts to remain unpaid on their several contracts.

As to the consolidated cases of Nellie Perkinson No. 13341, and Antrim Lumber Company, a corporation, No. 13340, the judgment of the trial court should be affirmed for the reason that when these contracts were entered into in January and February, 1921, respectively, they were in excess of the approved estimate and appropriation for the current fiscal year, and are therefore illegal and void, and not valid claims against the district.

By the Court: It is so ordered.