### GRAVES v. BOARD OF COM'RS OF CIMARRON COUNTY.

No. 22226. Oct. 9, 1934.

Rehearing Denied Jan. 14, 1935.

E. B. McMahan, for plaintiff in error.

Hiram A. Butler, Co. Atty., for defendant in error.

WELCH, J. The plaintiff seeks to recover judgment against Cimarron county for the cost of certain legal printing for the county done by him on request of the county treasurer. The petition alleges that a claim was presented and was disallowed, but does not allege the existence of an appropriation from which the claim could be paid, nor the existence of an appropriation at the time the printing was contracted. The petition does allege that the printing in question was the publication of one of the tax lists required to be published by the county treasurer, and that the rate charged was a legal rate, but alleges no ground of recovery in the absence of an estimate made and approved or an appropriation.

The fact that the publication was one that should have been made under the law, imposed upon the plaintiff no such direct legal obligation to perform the service as would entitle him to a judgment in the absence of an appropriation. The plaintiff bases his contention on Smartt v. Board of County Commissioners of Craig County, 67 Okla. 141, 169 P. 1101. That case is not applicable. There the plaintiff was a public officer directly charged with the fixed duty of feeding the prisoners confined in the county jail. He could not escape that duty. He performed it and this court upheld his right to recover the legal charge or expense thereof. Here the plaintiff is not a public official. He was under no legal duty to perform the service. He did perform it, but his claim against the county is a contractual claim. His action is as upon contract.

In an action upon contract to recover against the county, the plaintiff must both allege and prove his contract and claim to be within an approved estimate or appropriation. Lacy v. Board of Education, 98 Okla. 237, 224 P. 712; In re Gypsy Oil Co., 141 Okla. 291, 285 P. 67; Threadgill v. Peterson, 95 Okla. 187, 219 P. 389.

The plaintiff bases his action on his contention for the right to have judgment regardless of the lack of an appropriation. He contends for this right because the lawful rate was charged for the services, and because the publication that he made was one that should have been made. To so hold would penalize the taxpayers by imposing upon them a judgment, or one to be paid by them, because officials did not make the necessary appropriations. Appropriations should be made for all of the requirements of a county. If the authorities arbitrarily refuse to make needed and necessary appropriations, they might be required to do so by mandamus. Webster v. Morris, 129 Okla. 145, 264 P. 190.

We observe what at first glance appears to be the unfairness to plaintiff of a denial of payment for services actually performed. But we are bound in this matter to a consideration of fairness to the body of taxpayers, who would be required to pay any judgment granted plaintiff, and we are controlled by the law which requires any person seeking to recover money from the public treasury to point directly to his clear legal right to it before he may prevail. It has been directly held that even for the actual value of the services rendered, no re-

covery can be had where the cost is in excess of statutory limits of expenditure. Fairbanks-Morse Co. v. City of Geary, 59 Okla. 22, 157 P. 720. In cases of controversy between private citizens and in determining their rights and liabilities, the equities of the matter in dispute may not only be considered, but may often be controlling. However, the rule is different when a citizen seeks the recovery of public money for himself, and in such case he must be able to allege and prove his legal right thereto, or suffer an adverse judgment. If one citizen could render a service to his county and recover judgment in the absence of an appropriation, others could do so under our rule of equality of justice. Every such judgment would add its full weight to the burdens of taxation. The courts have no desire to add to the tax burdens, and have no right to do so by the granting of unauthorized judgments against the county.

It has been often held that contractual obligations of the municipality to pay money out of the public funds in excess of, or in the absence of, an appropriation or estimate made and approved, are void as to the county and cannot in any manner be held valid. Section 8638, C. O. S. 1921; section 5955, O. S. 1931; Fairbanks-Morse Co. v. City of Geary, supra; Lacy v. Board of Education, supra; Myers v. Independent School District, 104 Okla. 51, 230 P. 498; Board of Commissioners of McCurtain County v. Western Bank Supply Co., 122 Okla. 244, 254 P. 741; Threadgill v. Peterson, supra; Protest of Carter Oil Co., 148 Okla. 1, 296 P. 485; Wood v. Phillips, 95 Okla. 255, 219 P. 646.

We observe the argument that there was a breach of official duty in the failure to make proper appropriation for the services performed by plaintiff. Even though true, that could not aid plaintiff here, nor give him any additional rights against the county. He knew or could have known the true facts about all appropriations or lack of appropriations before he rendered the service. All persons dealing with a county are charged with a duty of ascertaining the facts as to such matters. O'Neil Engineering Co. v. Town of Ryan, 32 Okla. 738, 124 P. 19; Myers v. School District, supra; Eaton v. St. L.-S. F. R. R. Co., 122 Okla. 143, 251 P. 1032; Board of Commissioners of McCurtain County v. Western Bank Supply Co., supra; Protest of Carter Oil Co., supra. And if they fail to advise themselves, they are responsible for any loss they suffer by rendering a service to the county which cannot be paid for on account of lack of appropriations.

Even though county officials did fail to perform their duty in the making of appropriations, that could not authorize the penalizing of the taxpayers by rendering judgment against them or to be paid by them in favor of the plaintiff.

County authorities who fail or refuse to make necessary appropriations might be compelled to do so by timely action for mandamus. Webster v. Morris, supra.

Counsel here argues that the purpose of government might fail and the destruction of government follow the arbitrary refusal to make necessary appropriations. That could be prevented by mandamus, and, in addition to that remedy, our laws make ample provision for the suspension and removal from office of any officials who refuse to perform their duties.

The trial court upon the pleadings and proof denied the plaintiff judgment, and that ruling was correct. It is affirmed.

RILEY, C. J., and McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and SWINDALL and ANDREWS, JJ., absent.