## SHAWNEE NEWS CO. v. BOARD OF COM'RS OF POTTAWATOMIE COUNTY.

No. 25860.   May 28, 1935.

Rehearing Denied July 2, 1935.

G. C. Abernathy, Edward Howell, and Kenneth Abernathy, for plaintiff in error.

Thomas C. Wyatt, Co. Atty., for defendant in error.

PER CURIAM.   Plaintiff sues the de-

fendant in seven causes of action for a total alleged indebtedness of $752.40. All of said causes of action are predicated on similar facts and no separate reference to said causes is deemed necessary.

Plaintiff alleges in substance that it publishes a daily newspaper in Pottawatomie county, and that the defendant, board of county commissioners, contracted with plaintiff to publish the official proceedings of the defendant for the fiscal year of 1932-1933, and that an appropriation for such expenditures was set up in the budget of said county for that year; that plaintiff's claims were filed with the board for allowance at the proper time, but that the appropriation so made "to pay for said publications was exhausted before said publication was had, and the amount due therefor was not within the appropriation, and there were no funds of said county out of which a supplemental appropriation to pay said claims could be made," and for that reason the defendant disallowed each of the claims set forth in the seven causes of action.

Defendant answered by general denial as to each cause of action, excepting it admits that C. E. Ayers, A. J. Ownby, and Earl Aldridge are the duly elected and qualified board of county commissioners.

Trial was had before the court. The evidence accords with the allegations of the petition. At the close of the plaintiff's evidence, defendant demurred, and the demurrer was sustained. Plaintiff thereupon took exceptions, judgment was rendered against plaintiff, and this appeal was regularly prosecuted by the plaintiff, plaintiff in error.

The only question to be decided is: Did the court err in sustaining defendant's demurrer to the evidence and rendering judgment against plaintiff.

We think this court has consistently denied recovery in all cases where there was no money appropriated for such expenditures. Austin-Western Road Mach. Co. v. Board of Com'rs of Carter County, 160 Okla. 232, 11 P. (2d) 117; In re Gypsy Oil Co., 141 Okla. 291, 285 P. 67; Lacy v. Board of Education, 98 Okla. 237, 224 P. 712; Threadgill v. Peterson, 95 Okla. 187, 219 P. 389.

We have examined the authorities referred to in plaintiff in error's brief, but none of them, in our opinion, require a reversal of this case. Counsel do not argue that the holdings of the court support their conten-

tions, but apparently take the view that proper consideration had not been given certain statutory provisions, that is to say:

Counsel quote section 7687 of the Oklahoma Statutes for 1931, making it the official duty of the county commissioners to cause their proceedings to be published as soon after each meeting as practicable; also section 7691, which provided that: "Any county commissioner who shall fail to perform any duty required of him by law, shall be fined in the sum of not less than $50 nor more than $1,000, or by imprisonment in the county jail not less than 30 days nor more than one year, or by both such fine and imprisonment," and urge that in connection with sections 5970 and 5974, Okla. Stats. 1931, it was the mandatory duty of the defendant to approve the claims, and that the case should be reversed.

We do not believe plaintiff's argument requires elaborate discussion.

Said section 5970, Okla. Stats. 1931, provides in part that the excise board shall make sufficient appropriation to pay for the printing and publication of the county commissioners proceedings, and section 5974 provides in part that its provisions shall not be so construed as to prevent the carrying into effect the provisions of any law imposing a mandatory duty on any public official.

In other words, succinctly stated, it would be the contentions of counsel in such cases that the law would consider as done that which ought to have been done, and that as the contract had been made by the commissioners with plaintiff for printing, and it having been the duty of these officials to make the appropriation to pay the plaintiff, the law will regard the contract as enforceable even though no appropriation had been made. No authorities are cited in support of their theory by counsel, and we believe that a construction of our statutes, such as contended for, would be doing violence to the plain intention of our Legislature, and contrary to repeated decisions of this court. Manifestly, plaintiff could not predicate a cause upon the failure of the county commissioners or excise board to perform a duty, yet this is exactly what is contended for.

It was optional with plaintiff as to whether it would publish the proceedings or not. Having done so without an appropriation having been made, it took chances and lost.

A case exactly in point, entitled Graves v. Board of County Commissioners, 170 Okla. 282, 39 P. (2d) 532, holds squarely against every contention made by plaintiff, and is therefore controlling in the case at bar. It is probably due counsel for plaintiff to say that the case last referred to came out only a very few days before their brief was filed, and for this reason it is believed they did not see it in time to discuss it in their brief.

The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys D. H. Wilson, A. G. Croninger, and Dick Rice in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilson and approved by Mr. Croninger and Mr. Rice, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, and GIBSON, JJ., concur.