STATE INSURANCE FUND v. BOARD OF COM'RS OF CREEK COUNTY.

No. 31609.   Jan. 30, 1945.

*155 P. 2d 542.*

Mont R. Powell and Priest & Belisle,

all of Oklahoma City, for plaintiff in error.

G. B. Coryell, County Attorney, of Sapulpa, and S. A. Denyer, Asst. County Atty., of Drumright, for defendant in error.

PER CURIAM. On the 1st day of August, 1942, the State Insurance Fund, hereinafter called plaintiff, filed its petition seeking to recover against the board of county commissioners of Creek county, defendant, on five causes of action for premiums on insurance policies issued under 85 O.S. 1941 § 149 for workmen's compensation contracts. The trial court sustained a demurrer to the petition. The demurrer is general and special and the order of the trial court sustaining the demurrer is general in nature. Final judgment being entered for the defendant, plaintiff appeals and presents three specifications of error, to wit, (1) the plaintiff is authorized to sue and be sued in the name of the State Insurance Fund; (2) the petition of the plaintiff states a cause of action against the defendant; (3) the statute of limitation has not run on any of the causes of action pleaded in plaintiff's petition.

The petition did not allege that there were funds on hand for various years within the estimates made by the proper authorities which constituted a fund out of which said premiums could be legally paid. There is a general allegation of presentation of the claims which is sufficient in the absence of a motion to make more definite and certain.

Under specification 2 the first contention made by the plaintiff is that the claims are valid claims under the decision of this court in Smartt v. Board of County Commissioners of Craig County, 67 Okla. 141, 169 P. 1101, L.R.A. 1918C, 313.

That action involved the expenses incurred by the sheriff in feeding prisoners and Smartt, the plaintiff, was the sheriff of Craig county. Since that opinion it has been frequently cited but the rule therein stated has not been ex-

panded. We have strictly applied the rule under such facts as here presented. See Graves v. Board of County Commissioners of Cimarron County, 170 Okla. 282, 39 P. 2d 532; Board of County Commissioners v. Jenness, 178 Okla. 54, 61 P. 2d 724; Town of Jenks v. Pratt, 137 Okla. 156, 278 P. 331.

The last case involving the right to recover under the principle announced in Smartt v. Board of County Commissioners of Craig County, supra, is LeFlore County Excise Board v. St. Louis-San Francisco Ry. Co., 185 Okla. 440, 93 P. 2d 1087, in which this court again applied the rule that a sheriff who had incurred expenses in feeding prisoners was within the rule.

It may be seen, therefore, that the basis of the rule is that the plaintiff who seeks to recover must be under a constitutional or mandatory obligation to perform the services for which recovery is sought. It is argued by the plaintiff that 85 O.S. 1941 § 149 makes it mandatory for the county to purchase workmen's compensation insurance contracts from the State Insurance Fund. The defendant counters by stating that such provision is unconstitutional as granting a special privilege and not binding upon the county. We do not deem it necessary to enter into a legal discussion of this question. The county is not seeking to recover any expenses incurred by reason of compliance with 85 O.S. 1941 § 149. There was no obligation on the State Insurance Fund to furnish any contract to the defendant until the funds had been set up as provided by law, by the proper authorities, for the payment of any premiums for any insurance contract negotiated by the county authorities and the State Insurance Fund.

In any event there is no obligation, statutory or constitutional, placed upon the State Insurance Fund to perform any duties or enter into any contracts which would bring it within the decision of this court in Smartt v. Board of County Commissioners, supra. The court reached the correct conclusion

68

when it sustained the demurrer to the petition of the plaintiff.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.