**CITY OF CLINTON and The State Insurance Fund, Petitioners,**

v.

**Susie WHITE CROW and the State Industrial Court, Respondents.**

**No. 44247.**

Supreme Court of Oklahoma.

June 22, 1971.

Rehearing Denied Sept. 21, 1971.

Sam Hill, Moraul Bosonetto, Robert H. Mitchell and Mary Elizabeth Cox, Oklahoma City, for petitioners.

J. Clark Russell, Oklahoma City, for respondents.

JACKSON, Justice:

Mark Bearbow was a prisoner of the City of Clinton, Oklahoma. He had been fined and was working on a garbage collecting truck for the City under the belief that he could discharge his obligation to the City faster by working. The garbage truck was struck by another vehicle and Bearbow died from the injuries he received. Bearbow's mother, Susie White Crow, claimant, filed claim for death benefits under the provisions of the Workmen's Compensation Act. An award was made in her favor, and the City of Clinton and the State Insurance Fund, petitioners, have petitioned this court for review.

The decisive question is: Was the deceased Mark Bearbow an employee of the City of Clinton within the provisions of the Oklahoma Workmen's Compensation Act at the time he received his injuries.

In the third paragraph of this court's syllabus in Murray County v. Hood (1933), 163 Okl. 167, 21 P.2d 754, we held:

"An agreement between the county commissioners of a county convict, by the terms of which it is sought to allow such convict a credit on his fine and costs in consideration of his performing work for the county during the term of his prison sentence, is void."

In In re Kroth (1965), Okl., 408 P.2d 335, we held:

"A convict who is incarcerated in the State Penitentiary is not included in or subject to the terms and provisions of the Workmen's Compensation Act."

In each of the foregoing cases we held that a prisoner is not an employee within the terms of the Workmen's Compensation Act of this state.

The basis for the decisions in the cited cases is that a prisoner is not an employee and does not receive "wages."

It appears to be the general rule that a prisoner working for a municipality during the term of his imprisonment is not an employee within the Workmen's Compen-

sation Act. 99 C.J.S. Workmen's Compensation § 116, page 408.

Our attention is invited to 11 O.S.1961, Sec. 74, and 69 O.S.1961, Sec. 233, as authority for working prisoners on streets. It is argued that since there is no statutory authority for requiring prisoners on pick up garbage for the City, it follows that Bearbow was working voluntarily for the City. The further argument is that since he was working voluntarily he was working under an implied contract of employment, and became an employee of the City. If we accept this argument it does not necessarily follow that the Legislature intended that Bearbow's relationship to the City would be included within the provisions of the Workmen's Compensation Act.

85 O.S.1961, Sec. 149, requires the State and every municipal corporation within this State to insure against their liability for compensation with the State Insurance Fund where the Fund will accept the risk, or the municipality may carry its own insurance where it has made an appropriation to take care of compensation claims. This section of the statute was in existence when we held in *Kroth* that a State prisoner is not included in or subject to the provisions of the Workmen's Compensation Act.

It is not contended that Bearbow was listed in the compensation insurance policy either by name or classified as an employee of the City. The record does not disclose any obligation of the City to pay a premium or any right of the Fund to collect a premium. Thus, the estoppel provisions of the Workmen's Compensation Act do not apply. Fuller White Chevrolet Company v. Graham (1960), Okl., 355 P.2d 577.

It is not shown that the city budget included funds for the payment of workmen's compensation insurance premiums for its prisoners who work in hazardous employments. Absent an approved estimate for the payment of such premiums the Fund would be unable to collect premiums from the City. State Insurance Fund v. Board of Com'rs of Creek County (1945), 195 Okl. 66, 155 P.2d 542.

Members of city garbage and sanitation departments were included in the Workmen's Compensation Act in 1965, but we have found nothing in the Act and its amendments which indicates any intention of the Legislature to give compensation insurance protection to prisoners who perform services, whether for the city, county or state.

We have carefully considered the record and all of claimant's arguments and have found nothing which brings this claim within the provisions of the Act.

The award is vacated with directions to the State Industrial Court to dismiss the claim.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, IRWIN and LAVENDER, JJ., concur.

BLACKBIRD, HODGES and McINERNEY, JJ., dissent.