**Jim STALEY, Petitioner,**

v.

**CITY OF OILTON, State Insurance Fund, and the Workers' Compensation Court, Respondents.**

No. 86789.

Court of Appeals of Oklahoma, Division No. 3.

June 4, 1996.

Robert L. Smith, Tulsa, for Petitioner.

Jerry F. Hatley, State Insurance Fund, Tulsa, for Respondents.

OPINION

ADAMS, Vice–Chief Judge:

Claimant Jim Staley was injured while performing community service for the City of Oilton (City) in lieu of payment of fines or imprisonment. He filed a workers' compensation claim, alleging he was employed by City. City denied Staley was employed. After hearing, the trial judge entered an order denying Staley's claim, finding that Staley was not an employee of City at the time of his injury. Staley filed an *en banc* appeal, and the three-judge panel affirmed.

In this review proceeding, Staley claims the trial court was required to find he was an

employee because he was performing work for compensation. According to the undisputed evidence, Staley was performing the community service because he had been convicted of various municipal offenses and elected to perform work for the City rather than pay the fines and costs assessed or serve time in jail. Because the amount of his community service time was credited against the fines and costs at $4.25 per hour, Staley contends he was being compensated or received "wages" for his work and is therefore an employee under the Workers' Compensation Act, 85 O.S.1991 § 1, *et seq.*

The Oklahoma Supreme Court addressed a similar claim in *City of Clinton v. White Crow,* 488 P.2d 1232 (Okla.1971) and held that a city prisoner performing work for the city in return for credit on his fines and costs was not an employee covered by workers' compensation. Although Staley does not appear to have actually been placed in custody, we see little difference between this case and *White Crow.* Staley did not voluntarily choose to perform work for City, but did so because he was ordered to do so as an alternative punishment for municipal crimes. On this record, the Workers' Compensation Court correctly concluded Staley was not City's employee. The order denying Staley's claim is sustained.

SUSTAINED.

HANSEN, P.J., and BUETTNER, J., concur.