**William MOONEY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (COUNTY OF SCHUYLKILL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 29, 2005.

Decided Sept. 2, 2005.

Andrew Onwudinjo, Pottsville, for petitioner.

Frank L. Tamulonis, Jr., Pottsville, for respondent.

BEFORE: FRIEDMAN, Judge, and
LEADBETTER, Judge, and
McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

William Mooney (Claimant) petitions for review of the April 11, 2005, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the workers' compensation judge (WCJ), which denied and dismissed Claimant's claim petition because he was not an employee of the County of Schuylkill (County). We affirm.

On February 13, 2003, Claimant filed a claim petition against the County alleging that he sustained a work-related injury on January 25, 2003. (WCJ's op. at 1; WCJ's Findings of Fact, No. 1.) The County filed a timely answer denying the material allegations in the claim petition and, further, alleged that Claimant was not a County employee at the time of his injury but, rather, was performing court-ordered community service. (R.R. at 3a.) The matter was assigned to a WCJ for a hearing.

At the hearing, Claimant testified that, prior to January 25, 2003, Judge D. Michael Stine of the Court Common Pleas of Schuylkill County (trial court) entered an order accepting Claimant into the Accelerated Rehabilitative Disposition (ARD) Program as a result of criminal charges pending against Claimant. (WCJ's Findings of Fact, No. 3.) Pursuant to the trial court's order, Claimant was placed on twelve months probation, during which he was to perform a total of twenty-one hours of community service. (WCJ's Findings of Fact, Nos. 3, 4, 8.)

Claimant further testified that, on January 25, 2003, as part of a group performing community service work at St. John the Baptist Church (Church), he was directed by County employee, Scott Siket (Siket), to paint a particular area of the Church building. (WCJ's Findings of Fact, No. 4.) Claimant testified that, while he was painting, the ladder slipped out from underneath him, and he injured his left arm. (WCJ's Findings of Fact, No. 5.) Claimant stated that, as a result, he was completely disabled from his regular job from January 27, 2003, through February 26, 2003, after which he returned to work with no loss of earnings. (WCJ's Findings of Fact, No. 6.) Claimant acknowledged he received no wages or other payments from the County for the work he performed on the day of his injury.[1] (WCJ's Findings of Fact, No. 4.)

In opposition to Claimant's claim petition, the County presented a copy of the trial court's order accepting Claimant into the ARD Program. The County also presented the testimony of Siket, the coordinator of the county's community service program, who explained that it is the trial court, not the County, who selects an individual for the community service program. Siket further testified that he did not have authority to terminate any individual involved in the community service program and that individuals in the community service program are not County employees and do not receive wages, earnings or other remuneration from the County. (WCJ's Findings of Fact, No. 10.) Siket stated that he supervised and coordinated the work at the building and was present when Claimant fell from the ladder; however, it was the Church sexton who met the workers when they arrived at the Church and told them what areas of the building were to be painted that day. Additionally, the Church sexton provided the necessary materials and equipment, including paint and ladders. (WCJ's Findings of Fact, No. 11.)

---

1. Claimant also offered the medical records of Dr. Calvin D. Stoudt, which detailed the nature of his injury and extent of his disability. (WCJ's Findings of Fact, No. 7.)

The County also presented the testimony of S. Thomas White, the County's employee relations administrator, who agreed that the County never employed Claimant and that Claimant did not receive any wages or other type of remuneration from the County. White also confirmed that the County does not select or hire the individuals involved in its community service program; rather, it is the trial court judges who select the individuals. White further testified that the County does not receive any benefit from the work performed by the individuals in the community service program. (WCJ's Findings of Fact, No. 13.)

After reviewing the evidence, the WCJ found Claimant's testimony credible regarding the occurrence of his injury and related medical treatment and disability. However, the WCJ accepted the remainder of Claimant's testimony only to the extent it was not inconsistent with the credible testimony of Siket and White. (WCJ's Findings of Fact, No. 14.) Accordingly, the WCJ found that Claimant sustained an injury to his left upper extremity while in the course of performing community service on January 25, 2003. However, the WCJ also specifically found that the County had no interest in the Church and received no benefit from the Claimant's community service. Additionally, the WCJ found that Claimant did not receive any wages, remuneration or other benefit from the County for his community service and, therefore, was not performing services for the County for valuable consideration as required by section 104 of the Workers' Compensation Act (Act).[2] The WCJ also found that: the County neither selected nor hired Claimant for its community service program; the County could not terminate Claimant from its community service program; and the County did not control the work to be performed or the manner in which the work was performed in its community service program. (WCJ's Findings of Fact, No. 14.) Thus, the WCJ denied and dismissed Claimant's claim petition because he concluded that Claimant was not a County employee. Claimant appealed the WCJ's order to the WCAB, which affirmed.

Claimant now petitions this court for review of the WCAB's order,[3] arguing that the WCAB and WCJ erred as a matter of law in concluding that Claimant was not an employee of the County. Claimant asserts that the fact that the County did not pay wages to Claimant is not determinative of whether Claimant was a County employee; rather, the determinative factor is the right of control. According to Claimant, the County maintained such control because it provided the workers and, through Siket, directed, supervised and coordinated the community service program in which Claimant participated. Claimant also asserts that the County has the authority to remove argumentative or uncooperative participants. Additionally, Claimant argues that, although he did not receive wages, he did receive valuable consideration from the County in exchange for his work. Specifically, Claimant maintains that if he did not comply with the terms of the community service portion of the ARD Program, he could be charged with his underlying crimes, suffer jail time and be found in contempt. On the other hand, by complying, Claimant could receive the benefit of having the criminal charges against him dismissed and his arrest record ex-

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 22.

**3.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

punged.[4]  We are not persuaded by Claimant's arguments.

■  In a claim petition proceeding, the claimant bears the burden of establishing all elements necessary to support an award, including an employer/employee relationship. *Wolf v. Workers' Compensation Appeal Board (County of Berks/Office of Aging)*, 705 A.2d 483 (Pa.Cmwlth.1997). "[T]he existence of an employer/employee relationship is a question of law that is determined on the unique facts of each case." *Universal Am–Can, Ltd. v. Workers' Compensation Appeal Board (Minteer)*, 563 Pa. 480, 486, 762 A.2d 328, 330–31 (2000).

Section 104  of the Act declares an employee to be synonymous with a servant and defines the term as: "All natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer...." 77 P.S. § 22.

■  Here, Claimant was painting at the Church as part of his ARD Program, and County employee Siket supervised and coordinated the ARD Program work at the Church.  However, contrary to Claimant's assertion, the County had no control over Claimant's participation in the ARD Program;  the County did not select Claimant for its community service program and did not have the authority to terminate Claimant from that program.[5]  Rather, it was Claimant who, with the trial court's authorization, voluntarily chose to participate in the ARD Program.[6]

Moreover, as the WCJ correctly found, the painting "services" performed by Claimant were not for the benefit of the County and were not performed for a valuable consideration, as required under section 104 of the Act, 77 P.S. § 22.  (WCJ's Findings of Fact, No. 14.)    Although Claimant may have received something he considers valuable by participating in the ARD Program, where, as here, one of the parties is already legally bound to render the performance promised, there is no consideration for such "services."[7]  *SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls)*, 714 A.2d 496 (Pa. Cmwlth.1998), *appeal denied*, 559 Pa. 684, 739 A.2d 546 (1999); *cf. Staley v. City of Oilton*, 919 P.2d 463 (Okla.1996) (holding that a claimant who was injured while performing community service in lieu of payment of fines or imprisonment was not an employee for purposes of workers' compensation where the claimant was ordered to perform such work for the City of Oil-

---

4.  *See* Pa. R.Crim. P. 319 and 320(A) (providing that, upon successful completion of the ARD Program, the trial court, upon defendant's motion, may order a dismissal of the charges against the defendant and expungement of the defendant's arrest record);  Pa. R.Crim. P. 318 (providing that, if the defendant is alleged to have violated a condition of the ARD Program, the Commonwealth may proceed against the defendant on the underlying criminal charges).

5.  Additionally, the County did not control the work to be performed or the manner in which the work was performed at the Church, and the County did not provide any materials or equipment.

6.  To be accepted into the ARD Program, Claimant had to establish to the trial court judge that he understood and agreed to the Program's terms and conditions.  *See* Pa. R.Crim. P. 313 (providing for proceedings where the defendant requests acceptance in the ARD Program); Pa. R.Crim. P. 317 (providing for procedure if the defendant refuses to accept the conditions of the ARD Program).

7.  Here, in exchange for being accepted into the ARD Program, Claimant had to agree to its terms and conditions, which included a promise to perform twenty-one hours of community service.  Thus, Claimant was already legally bound to perform the January 25, 2003, community service, and his "services" were not performed for consideration.

ton as an alternative punishment for municipal crimes). Consequently, because Claimant did not perform services for the County for a valuable consideration, he is not an "employe" of the County and, therefore, is not entitled to benefits.

Accordingly, we affirm.

### ORDER

AND NOW, this 2nd day of September, 2005, the order of the Workers' Compensation Appeal Board, dated April 11, 2005, is hereby affirmed.